Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

### Western District of Wisconsin

#### Madison Division

2025 DEC -3 Λ 10: 31

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

Case No.  **25  Cv  990  WMC**

*(to be filled in by the Clerk's Office)*

|  |  |
|---|---|
| **ERIN SCOTT** ) | Jury Trial: *(check one)*   ☒ Yes   ☐ No |
| *Plaintiff(s)* ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* ) | |
| *please write "see attached" in the space and attach an additional* ) | |
| *page with the full list of names.)* ) | |
| -v- ) | |
|  ) | |
|  ) | |
|  ) | |
| Daniel Diehn, Jackson County Family Court, Penny ) | |
| Pecour, Anthony (Tony) Evers, Dr. Nina Bartell ) | |
|  ) | |
| *Defendant(s)* ) | |
| *(Write the full name of each defendant who is being sued. If the* ) | |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non–Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Erin Scott |
| Address | P.O. Box 32 |
| | Kimberly                     WI          54136 |
| | *City*                          *State*          *Zip Code* |
| County | Outagamie |
| Telephone Number | 262-353-5160 |
| E-Mail Address | wysscrin@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Daniel Diehn |
| Job or Title *(if known)* | Judge |
| Address | 307 Main St. |
| | Black River Falls          Wi          54615 |
| | *City*                          *State*          *Zip Code* |
| County | Jackson |
| Telephone Number | (715) 284-0201 |
| E-Mail Address *(if known)* | |

$\boxtimes$ Individual capacity     $\boxtimes$ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Family Court |
| Job or Title *(if known)* | |
| Address | 307 Main St |
| | Black River Falls          Wi          54615 |
| | *City*                          *State*          *Zip Code* |
| County | Jackson |
| Telephone Number | (715) 284-020 |
| E-Mail Address *(if known)* | |

$\square$ Individual capacity     $\boxtimes$ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

**Defendant No. 3**

| | |
|---|---|
| Name | Penny Pecour |
| Job or Title *(if known)* | |
| Address | 808 Superior Avenue, Suite 20 |

| Tomah | WI | 54660 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Monroe |
| Telephone Number | (608) 372-2014 |
| E-Mail Address *(if known)* | mail@tomahlaw.com |

☒ Individual capacity     ☒ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | Anthony Evers |
| Job or Title *(if known)* | Govenor |
| Address | 115 East State Capitol |

| Madison | WI | 53707 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Dane |
| Telephone Number | 608/266-1212 |
| E-Mail Address *(if known)* | |

☐ Individual capacity     ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

CONTINUATION OF SECTION I B "DEFENDANTS"

Defendant No. 5

Name                    Dr. Nina Bartell
Job or Title            Mental Health Therapist
Address                 6418 Normandy Ln Ste 215
                        Madison        Wisconsin    53719

County                  Dane
Telephone Number        (608) 274-1900
E-Mail Address

                        Individual Capacity **X**          Official Capacity **X**

Page 3A

14th amendment to the constitution per Section 6 supported by The Supreme Court of North Carolina findings in Owenby v. Young, that:

[T]he Due Process Clause of the Fourteenth Amendment ensures that the government does not impermissibly infringe upon a natural parent's paramount right to custody solely to obtain a better result for the child. [ Adams v. Tessener , 354 N.C. 57, 62, 550 S.E.2d 499, 503 (2001) (citing Troxel v. Granville , 530 U.S. 57, 72-73, 120 S.Ct. 2054, 2063–64, 147 L.Ed.2d 49, 61 (2000) ) ]. Until, and unless, the movant establishes by clear and convincing evidence that a natural parent's behavior, viewed cumulatively, has been inconsistent with his or her protected status, the "best interest of the child" test is simply not implicated. In other words, the trial court may employ the "best interest of the child" test only when the movant first shows, by clear and convincing evidence, that the natural parent has forfeited his or her constitutionally protected status.

357 N.C. 142, 148, 579 S.E.2d 264, 268 (2003). Our Supreme Court also recognized in Price v. Howard , that:

A natural parent's constitutionally protected paramount interest in the companionship, custody, care, and control of his or her child is a counterpart of the parental responsibilities the parent has assumed and is based on a presumption that he or she will act in the best interest of the child.

346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997) (citations omitted). Each parent's constitutional rights are equal and individually protected. See id. ; Quilloin v. Walcott , 434 U.S. 246, 255, 98 S.Ct. 549, 554, 54 L.Ed.2d 511, 519 (1978) ("We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected.").

Before denying a parent all custodial and visitation rights with his or her children, the trial court: (1) must first make a written finding that the parent was unfit or had engaged in conduct inconsistent with his protected status as a parent, before applying the best interests of the child test; and (2) make these findings based upon clear, cogent, and convincing evidence. Moore v. Moore , 160 N.C. App. 569, 573-74, 587 S.E.2d 74 (2003) ; see Petersen v. Rogers , 337 N.C. 397, 403-404, 445 S.E.2d 901, 905 (1994) ("[A]bsent a finding that parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail.").

1st amendment to the constitution supported by The Supreme Court of the United States findings

(SEE CONTINUATION OF SECTION II B ATTACHED)

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## CONTINUATION - SECTION II BASIS FOR JURISDICTION PART B

1st amendment to the constitution supported by The Supreme Court of the United States findings:

1 st Amendment Considerations

Right of Association

Freedom of association is indeed a fundamental right although it is not explicitly listed in the First Amendment of the U.S. With regard to the constitution, the Supreme Court has recognized it as an essential means of preserving other First Amendment freedoms. This right allows people to associate for purpose such as speech, assembly, petitioning for redress of grievances, parent child association and exercising religion. It is designed to benefit relationships of all kinds. Specifically, and most importantly the First Amendment holds that "The Parent-Child Association is an intimate and expressive close family association and association is protected speech" (Griswald vs. Connecticut). In 1970, the Supreme Court weighed in on the application of the 1st Amendment protections to the family. The Court held that the rights of a child to a parent were individual rights that could not depend upon a marriage between the child's parents and reciprocally that each parent's rights to the child are also individual rights that could not be made between the child's parents. In a later case the court held that when a natural parent comes forward to establish a relationship with the child and takes on parental responsibilities for that child, the constitution recognizes that parent's rights.

Relationship is another term for association. The right to establish and maintain intimate and expressive associations is protected as a First Amendment right that although not enumerated in the text of the amendment is nonetheless essential to free speech which cannot exist without association. The states are subject to First Amendment limitations by the 14th Amendment. The right of family privacy between a parent and a child is an important element of this associational right, sometimes referred to the right to live together as a family.

Re: Judge Diehn

Section 6 of the 14th Amendment in the Bill of Rights has the purpose to protect the natural rights of the citizens of the individual States against infringement. In a decision that was made on August, 18, 2022 hearing in the Jackson County Family Court in front of Judge Diehn on the matter of my (Erin Scott) right to access and parent my child, I requested my parenting rights guaranteed under the 14th Amendment per the findings cited in the Supreme Court of North Carolina that are abundantly clear and requested time with my children. The Jackson County Family Court and Judge Diehn refused to honor my request stating conditions that would need to be met as a considerationof my request to parent my child that included 1. My compliance with a court recommendation where there was no evidence that I would be required to submit to punitive measures of supervision with my children 2. a Court order that as a condition of seeing my child that I attend a court ordered psychological evaluation in spite of 4 prior professional opinions in the court record that fully qualified me as a fit parent. where there was no evidence that I have a history of psychological concerns 3.that I agree to a gag order restricting my freedom to discuss the domestic violence issues that are factual parts of the court record establishing prior restraint on my speech. 4. using the "best interests of the child standard" in spite of the fact that there are no written documents in the court record that disqualify me as a fit parent. 5. The reports and testimony of three independent experts on child behavior citing extreme concerns about the emotional and behavioral health of plaintiff's children were steadfastly ignored, even denigrated by Judge Diehn to remove conditions that would defy the court's unprofessional and incompetent rationals for constraining plaintiff's rights to parent her children. 6. Judge Diehn consistently ridiculed and refused exercise of my American for Disability Accomodations (ADA) rights even going so far as to characterize my ADA efforts as "careless disregard for the truth", thus preventing the exercise of my voice through judicial mockery. By disregarding expert guidance and their finding while proceeding to sanction and silence the parent who introduced them, the Court demonstrated knowing and willful disregard of established child-safety, evidentiary, and due-process obligations. This deliberate indifference constitutes state action under color of law, violating the Fourteenth Amendment and 42 U.S.C. § 1983, and also evidences retaliatory motive and pattern continuity relevant to Plaintiff's ADA Title II and other civil claims that are addressed further in this complaint.

Given that at no time have I ever been found unfit or unqualified as a parent, these conditions are meritless, punitive and recklessly ignore and violate my rights to immediately access and parent my children. In point of fact, I, Erin Scott, except for a deliberate breach of intimidating authority by former Judge Diehn in spite of his order fully defying my rights, has, under constitutional protection, never lost the right and could not have lost my right granted to every citizen and qualified parent in the United States. My rights to parent and possess my children remain fully intact in spite of arbitrary and disrespectful actions of rogue State Officials, who violated their oath to the constitution in their obnoxious and harmful actions by ignoring their responsibility to protect my natural rights in their court. Instead, they pretended to falsely act under "the color of law" to forcibly prevent the exercise of my parenting rights under dogmatic threats without any legal authority or power. I retain all rights to interact with my child as of the present day and time and the Jackson County Family Court acting under Wisconsin State agencies is demonstrating by its actions contempt for the Bill of Rights, Amendment 14, which implicates culpability in the chain of authority up to and including the Governor, Tony Evers, who is the chief administrative officer who bears responsibility for actions of all officers of the Wisconsin State Courts.

CONTINUED ON PAGE 5A ATTACHED

CONTINUATION FROM PAGE 5 SECTION II PART D

Civil Rights Complaint regarding Judge Diehn

To reiterate from Section D above in this document, in a Jackson County Family Court there were numerous documented efforts to request clarification and enforcement of Erin Scott's right to parent her children, the court acted under Judge Diehn in direct defiance to Federal Law refusing to provide relief stating that mother's rights were subject to conditions of the "child's best interests" rational that are irrelevant and in contradiction to his legal status and the North Carolina Supreme Court findings under the 14th Amendment per Section B above. And, as the court record will show, these conditions were made preventing the exercise of Ms. Scott's Federal parental rights. The court, by refusing to acknowledge mother's rights and having no written findings that would disqualify her paternal rights, acted in contempt of Federal Law.

Re: Jackson County Family Court

As in all Wisconsin Courts, there is a presumption that the courts will require all judges and officials to conform to existing written laws and legislative code. Clearly the Family Court in Jackson County, Wisconsin is remiss in its obligations to ensure trust in the integrity of its public obligations to obey, respect and follow the constitutional provisions that guarantee parental rights for all citizens. It has not only failed in its duty to provide oversight, but has allowed a tradition to flourish that is in deliberate defiance of its role as a defender of parental rights. Because of tolerance of the behavior of its Judge Diehn, the court as the supporting entity demonstrates its reckless and irresponsible, and unlawful disinterest and is therefore named as a defendant in this case.

Re Defendants: Guardian Ad Litem, Penny Pecour and Dr. Nina Bartell

In spite of never being able to demonstrate her legal appointment by the court as a Guardian Ad Litem, Penny Pecour, acted to create false and harmful conditions depriving Plaintiff of Constitutional Rights Under Color of State Law. And, in coordination with Dr. Nina Bartell, (state-appointed evaluator), Jackson County Department of Health and Human Services ("DHHS"), Jackson County Sheriff's Office personnel, and Jackson County Circuit Court officials acted under color of state law within the meaning of 42 U.S.C. § 1983.

These actors:

1. Exercised powers granted by Wisconsin statutes, including Wis. Stat. §§ 48, 55, 767.
2. Conducted investigations, issued recommendations, and by establishing wrongful conditions prevented Plaintiff's rights to parent her children by fabricating controlled determinations.
3. Operated as state actors, joint actors, or willful participants in coordinated state conduct.

Their actions are attributable to the State of Wisconsin.

Defendants, individually and in coordinated action, deprived Plaintiff of rights secured by:

1. Fourteenth Amendment – Substantive Due Process

Plaintiff, who has never been found in the record as unfit or unqualified as a parent, has a fundamental constitutional right to the care, custody, and control of her children. (Instead, as a condition of plaintiff's contact with her children, she was obliged to accept supervised communications in the absence of valid evidence.) (Santosky v. Kramer; Troxel v. Granville.)

2. Fourteenth Amendment – Procedural Due Process

Plaintiff was entitled to a fair investigation, impartial adjudication, truthful evidence, and meaningful opportunity to be heard.

3. First Amendment – Right to Petition and Speak About Abuse

Plaintiff was punished and retaliated against for exercising her 1st amendment rights by reporting abuse, raising safety concerns, and challenging unlawful state conduct.

4. Fourteenth Amendment – Equal Protection

Plaintiff's rights to parent her children were conditionally abused by the act of selective targeting, being silenced under court orders and sanctioned for exercising her 1st and 14th amendment rights.

Re Defendant: Guardian Ad Litem, Penny Pecour

SECTION: FAILURE TO REPORT CHILD ABUSE / CONCEALMENT OF MANDATORY-REPORTER INFORMATION

**I. Mandatory-Reporter Duties Imposed on State Actors**

    A. Under Wis. Stat. § 48.981(2)(a), a Guardian ad Litem is **a mandatory reporter** and is legally required to immediately report **any reasonable suspicion** of child abuse or neglect disclosed by a child, parent, counselor, school staff member, or observed during the GAL's duties.

    B. Mandatory-reporter duties **override** all contrary family-court orders, as expressly stated in every standard placement order: *"Mandatory reporters under Wis. Stat. § 48.981(2)(a) shall comply with mandatory-reporter duties and shall not be subject to this Order."*

    C. By statute, the threshold for reporting is **reasonable suspicion**, not proof, and a mandatory reporter may **not** exercise personal discretion to withhold or minimize abuse reports.

**II. The GAL's Failure to Report and Concealment of Abuse**

    A. Defendant Attorney Penny J. Precour ("Precour"), acting under color of state law, repeatedly **failed to report** clear statements of abuse, coercive control, fear, intimidation, and emotional harm made by the children, including but not limited to:

        1. Voice recordings sent to the GAL expressing the child's distress and fear;
        2. Written notes from the children describing coercion, yelling, isolation, and fear of retaliation;
        3. Reports that the father monitored and controlled all communications, including phone calls;
        4. Statements that the children were too scared to speak in the presence of multiple school staff during attempted reporting;
        5. Information that school staff and counselors were withholding reporting out of fear of involvement;
        6. Repeated disclosures by the children that they did not feel safe reporting to the GAL because she communicates with their father without them present.

    B. Precour knowingly concealed and suppressed these child disclosures from CPS, law enforcement, and the court, in violation of her statutory duties.

    C. Precour further engaged in conversations with school staff, police officers,

and the father outside the presence of the children—conversations that had the effect of discouraging reporting, influencing CPS screening decisions, and minimizing or reframing abuse allegations despite clear evidence of distress.

D. Precour's refusal to report was **willful, retaliatory, and aligned with her biased advocacy** on behalf of the father, and was undertaken **in bad faith** and outside the scope of her lawful GAL authority.

## III. Constitutional Violations Resulting From Failure to Report

### A. Substantive Due Process – State-Created Danger

1. By withholding abuse disclosures and failing to report, Precour affirmatively created and exacerbated danger to the Plaintiff's children, forcing them to remain in an environment where emotional abuse, coercion, and retaliation were openly occurring.

B. This constitutes a **state-created danger** under the Fourteenth Amendment, because:

(1) Defendant's actions increased the children's vulnerability;

(2) Defendant acted with deliberate indifference;

(3) Defendant used her state-conferred authority to suppress reporting and prevent intervention;

(4) Plaintiff and the children suffered foreseeable harm.

### B. Substantive Due Process – Interference with Familial Association

1. Precour's concealment of the children's disclosures allowed the father to weaponize the court system to permanently interfere with Plaintiff's fundamental right to familial association and custody, a right protected under the Fourteenth Amendment.
2. By failing to report abuse, and by facilitating orders based on **false allegations**, Precour deprived Plaintiff of her constitutionally protected parental rights without evidence, findings of fact, or any legitimate state interest.

### C. Procedural Due Process – Suppression of Exculpatory Information

1. Precour's failure to disclose the children's disclosures to the court constituted a suppression of **material exculpatory evidence**, denying Plaintiff a meaningful opportunity to be heard, a fair process, and an impartial tribunal.

2. Precour's statutory duty to report created a **state-mandated safeguard**, and her failure to comply with that safeguard is a violation of procedural due process under **42 U.S.C. § 1983**.

## D. Retaliation for Protected Speech

1. Plaintiff repeatedly reported abuse, coercive control, and statutory violations to authorities. In response, Precour retaliated against Plaintiff by:
    a. suppressing child disclosures;
    b. advocating for more severe placement restrictions;
    c. conditioning reunification on forced admissions of wrongdoing;
    d. communicating with the father and school officials to undermine Plaintiff's credibility;
    e. refusing to report child harm to punish Plaintiff for speaking out.
2. Such retaliation violates the First Amendment's protection of the right to petition the government for redress of grievances.

## IV. Ultra Vires Conduct and Loss of Immunity

1. Because the GAL's failure to report violations of Wis. Stat. § 48.981(2)(a) constitute **ultra vires conduct outside her statutory authority**, Precour is **not entitled to quasi-judicial immunity** regarding these acts.
2. No state actor has discretion to violate mandatory-reporter laws designed to protect children. Therefore, Precour's actions are actionable under § 1983.

Re: Governor Tony Evers

The Governor of the State of Wisconsin holds the power to delegate, oversee and ensure the legal integrity of all functions of the State Courts. As a member State of the Federal Government, there are certain conditions implicit in its relationship to that association. Most importantly is the obligation of State actors held to public accountability and public trust is the oath to uphold the supreme laws of the United States. A citizen has the privilege and responsibility to maintain vigilance by holding

State officials fully accountable for transgressions of the power that is constrained by their oath to the constitution of the United States. There is abundant evidence in case law and numerous judicial decisions in Wisconsin State Family Courts and the Wisconsin County Family court specifically of unmitigated displays of deliberate actions against citizens seeking redress of deliberate failure to comply or obey the United States constitution, and specifically the two amendments 14th and 1st that underlies the plaintiff's federal complaint.

Plaintiff is prepared to show, the State court, and specifically Judge Diehn, acting under the authority and jurisdiction of the Governor has engaged in numerous acts of defiance against plaintiff's rights and has yet to be reprimanded or held

accountable by superiors with an obligation to their investment in citizen's need for honest compliance and trust.

Plaintiff continues to prevail on his trust in the Federal government to affirm the status of her civil rights that are being violated by a State court on a consistent and long-term basis that has established a pattern of repetitive violations that she will show exceeds the threshold of any reasonable considerations of the Governor or claims of immunity.

Page 5F

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Family Court, Personal Residence, Jackson County Detention Center, the Appeals Court in Jackson County, the Civil Court of Outagamie County, the Supreme Court

B.    What date and approximate time did the events giving rise to your claim(s) occur?

Claims arise from multiple transgressions by defendents from 2021 - present time

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The Defendants' (Judge Diehn, the Family Court, Penny Pecour, Dr. Nina Bartell and Governor Evers) actions deprived Plaintiff of exercising her parenting rights, prevented her from protecting her children enabled ongoing abuse of Plaintiff, employing unfair and invalidated conditions destroyed parent-child relationship of plaintiff, caused severe psychological injury to plaintiff, subjected Plaintiff to sanctions, jail, costs, and public stigma, violated numerous constitutional rights (1st Amendment and 14th Amendment) of plaintiff and using acts of intimidation and threats caused plaintiff to suffer emotional distress, financial injury, and reputational harm.

The injuries are the direct and foreseeable result of Defendants' violations.

CONTINUED ON PAGE 6A ATTACHED

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

CONTINUATION OF PAGE 6 SECTION III (C) "CLAIMS"

A brief listing of claims of actions in the court record taken by the court and defendants under the color of law is:

- Plaintiff was incarcerated by Judge Diehn and suffered on-going threats of incarceration.
- Repeated threats of retaliation for Plaintiff's exercise of her court rights of action.
- Removal and denial of plaintiff's rights of parenting for over 600 days without valid cause and in defiance of constitutional provisions.
- As a condition to communicating with children, plaintiff was ordered to engage in supervised telephone calls and in-person engagements.
- There were ongoing acts of defaming plaintiff.
- For reasons of plaintiff's security she was in a program to protect her location that was under constant attack by the court and Judge Diehn.
- Plaintiff was obliged by court actions to sell her home to service financial demands of due process violation court actions that led to further harms (detailed below in Section on Page 7F addressing "Injuries").

The injuries suffered by Plaintiff Erin Lynn Scott are profound, ongoing, and constitutionally significant. They directly flow from the acts and omissions of the Defendants, who unlawfully deprived her of protected liberty interests, imposed retaliatory and coercive court actions, and facilitated the forced separation of a fit, loving, and fully qualified mother from her children for more than 600 days.

CONTINUED ON PAGE 7A ATTACHED

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

CONTINUATION OF PAGE 7 SECTION IV "INJURIES"

Further enumerated, violations of my parental rights have resulted in numerous injuries including: 1. my children's loss of a loving, fit and fully qualified mother, 2. the emotional trauma, pain and suffering of a mother commited to her children, 3. the time and expense from harms associated with 5 years of consultations, costly strategy discussions in search of a solution, 4. the effects of lost time from productive employment activities.

The Constitutional Injury to Fundamental Parental Liberty

Plaintiff suffered the most severe liberty deprivation recognized in American jurisprudence, the unconstitutional loss of her fundamental right to the care, custody, companionship, and upbringing of her children.

This injury strikes at the core of both substantive and procedural due process and is a recognized, independently compensable injury under § 1983.

No finding of unfitness was ever made; no constitutionally valid hearing was held; no evidence-based determination supported the suspension of her parental rights.

The forced separation caused by void, retaliatory, and procedurally defective orders constitutes a constitutional injury of the highest magnitude.

Severe Emotional and Psychological Trauma

Plaintiff has suffered extreme emotional trauma, including grief, anxiety, despair, and prolonged psychological distress, resulting from being deprived of her daughters without lawful cause.

Plaintiff experiences ongoing symptoms consistent with trauma and psychological harm: disrupted sleep, panic episodes, persistent fear of retaliation, emotional exhaustion, and overwhelming distress associated with her inability to protect her children.

The Defendants' actions forced Plaintiff to endure the unimaginable—watching her children suffer while being legally gagged, disbelieved, and silenced through sanctions and threats of incarceration.

The emotional harm is irreparable and continues daily.

Page 7A

Injury to Parent–Child Relationship (Irreparable and Permanent)

   The relationship between a parent and child is a constitutionally protected
   interest. The Defendants' conduct has severely damaged, and in many
   respects permanently altered, this relationship.

   Plaintiff has lost more than 600 days of maternal care, bonding time,
   celebrations, ordinary daily interactions, school involvement, and emotional
   presence with her daughters—days that can never be restored.

   The emotional injuries suffered by the children, documented by experts and
   police reports, magnify Plaintiff's injury and the constitutional severity of the
   deprivation.


Economic, Employment, and Financial Losses

      Plaintiff has incurred substantial financial harm due to:
      1. Coercive GAL fees;
      2. Sanctions and threats tied to unlawful orders;
      3. Forced supervised visitation costs;
      4. Diversion of income toward legal fees and emergency filings prompted
      by false allegations;
      5. Lost wages and diminished earning capacity caused by continuous
      litigation demands.

      Plaintiff has lost thousands of hours of productive time due to the need to
      respond to fabricated filings, unconstitutional court procedures, crisis
      management, and the documentation of ongoing violations.

      The economic losses are profound, continuing, and directly caused by
      Defendants acting under color of state law.


Costs of Mental-Health Treatment and Medical Impact

   Plaintiff has required counseling and trauma-informed mental-health
   treatment directly attributable to the forced deprivation of her parental
   rights and the persistent retaliatory legal environment.

   Plaintiff, at times, could not access consistent treatment due to economic

harm inflicted through unlawful orders and coerced payments.

Plaintiff continues to require treatment for trauma-related symptoms, and this need is ongoing and directly linked to Defendants' unconstitutional acts.

Reputational Injury and Community Stigma

Plaintiff's reputation has been deeply damaged by the dissemination of false allegations, misuse of judicial authority, and the continued public appearance that Plaintiff committed wrongdoing despite the absence of evidence and subsequent admissions of falsity.

Defendants' actions have caused Plaintiff humiliation, loss of standing, and emotional pain arising from seeing her character, integrity, and parenting undermined within her community and professional environment.

Compounded Harm from State-Supported Retaliation

Plaintiff has suffered the ongoing fear of arrest, jail, sanctions, and further retaliation stemming from Defendants' misuse of judicial authority to silence, intimidate, and control a pro se litigant asserting constitutional rights.

This fear is reasonable and grounded in actual past conduct, including documented threats of incarceration tied to unconstitutional orders.

This ongoing threat constitutes a continuing injury warranting injunctive and declaratory relief.

The Children's Harm Is an Independent Injury to the Plaintiff

The emotional suffering endured by Plaintiff's children—including trauma documented by experts, police reports, and therapeutic disclosures—has inflicted secondary emotional harm on Plaintiff as a mother obligated to protect them.

A parent's suffering arising from state-caused injury to her children is a recognized injury under § 1983 and forms an additional compensable basis for damages.

Ongoing and Future Harm

Plaintiff's injuries are not resolved; they are ongoing, increasing in severity, and will continue absent immediate federal relief.

Without intervention, the constitutional, emotional, reputational, and financial harms will continue to accumulate, deepening the irreparable injury to Plaintiff and her daughters.

Denial of Meaningful Parenting Time

Plaintiff has been unlawfully deprived of all meaningful parenting time with her daughters for more than 600 days, despite no finding of parental unfitness and no constitutionally valid basis to suspend placement.

Plaintiff has not been allowed to engage in ordinary parenting activities—no daily contact, no caregiving, no school involvement, no holidays, no birthdays, no medical decisions, no in-person parenting time of any kind.

Instead, Plaintiff has been limited to brief, father-supervised phone calls that do not constitute meaningful contact and that are inherently coercive, emotionally unsafe for the children, and wholly insufficient to satisfy constitutionally protected familial-association rights.

The absence of meaningful parenting time constitutes a direct and severe violation of the Fourteenth Amendment's guarantee of familial integrity and the fundamental liberty interests recognized in *Troxel v. Granville*, *Santosky v. Kramer*, and *Moore v. City of East Cleveland*.

This deprivation has caused profound emotional injury, permanent damage to the mother-child bond, and ongoing trauma to both Plaintiff and her children—harm that is irreparable and intensifies each day it continues.

Irreversible Loss of the Children's Childhood

As a direct and foreseeable result of Defendants' conduct, Plaintiff's children have suffered an irreplaceable loss: the loss of their childhood years with their mother.

Childhood is brief, and the parent-child bond formed during these years is

Page 7D

foundational to emotional development, attachment stability, and long-term psychological health.

More than 600 days of childhood have been taken from Plaintiff's daughters through unconstitutional placement restrictions, coerced communication barriers, and state-enabled interference in the parent-child relationship.

The opportunities for nurturing, guidance, emotional support, and maternal presence during this developmental period cannot be recreated or repaid in any form.

This loss constitutes an irreparable constitutional injury under the Fourteenth Amendment, as federal courts recognize the deprivation of familial association and childhood bonding as among the most serious harms a state actor can inflict.

The children have been denied birthdays, holidays, school events, daily nurturing, emotional safety, and the ordinary presence of a loving and fit mother—experiences that shape identity, resilience, and long-term well-being.

No amount of financial compensation, therapy, or future parenting time can replace the lost childhood years or undo the trauma inflicted by prolonged, unlawful separation from their mother.

The injuries caused by this state-sanctioned deprivation will carry lifelong consequences for both Plaintiff and her children.

Forced Sale of Plaintiff's Home Following Violation of Safe at Home Address

Plaintiff was compelled to sell her home after the Defendants unlawfully disclosed, exposed, or failed to protect her Safe at Home address—an address obtained specifically for safety.

Plaintiff entered the Safe at Home program *because the court refused to safeguard her location* even after opposing counsel publicly revealed her address in open court, creating documented safety threats.

The violation of her confidential address destroyed the security that Safe at Home is designed to guarantee, forcing Plaintiff to abandon the one place her children felt safe, loved, and connected to their mother.

Plaintiff's children helped paint and design their bedrooms in that home, creating emotional attachments, memories, and a sense of belonging that were permanently taken from them as a result of Defendants' actions.

The loss of this home inflicted profound emotional harm on the children, who lost their personal spaces, daily routines, and the environment they helped shape, increasing the trauma of the forced separation.

Plaintiff suffered significant financial harm due to the forced, non-voluntary sale, including moving costs, loss of equity, interruption of employment stability, and the psychological trauma of losing her primary residence.

This injury was foreseeable, preventable, and directly caused by state actors failing to uphold statutory confidentiality protections mandated under Wisconsin's Safe at Home program and the Fourteenth Amendment's substantive due-process protections.

The forced relocation constitutes a separate compensable injury and an independent constitutional violation, compounding the emotional, financial, and familial harm inflicted on Plaintiff and her children.

7F

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Plaintiff respectfully requests that the Court grant the following relief:

1. Compensatory Damages - $5,000,000.00

For the emotional trauma, loss of parental liberty, deprivation of meaningful time with her children, reputational harm, economic losses, forced sale of her home, loss of childhood time for her children, and all other injuries deliberately, maliciously, and unnecessarily caused by Defendants acting under color of state law.

2. Punitive Damages - $25,000,000.00

Against Defendant Judge Daniel S. Diehn, in his individual capacity, for actions taken outside judicial authority that involved reckless disregard for Plaintiff's constitutional rights, suppression of evidence, retaliation, coercive use of sanctions, and the prolonged, unlawful deprivation of a parent-child relationship.

3. Punitive Damages - $20,000,000.00

Against Defendant Governor Anthony Evers, in his individual capacity, for knowing failure to address, correct, or prevent unconstitutional state practices causing harm to Plaintiff and her children, including systemic policies that allowed the continued deprivation of protected parental rights.

4. Declaratory Relief

A declaration that the acts and omissions described in this Complaint violated Plaintiff's constitutional rights, including her right to familial integrity, due process, equal protection, and personal safety.

5. Injunctive Relief

An order prohibiting Defendants from further interfering with Plaintiff's parental rights, prohibiting retaliation or sanctions tied to protected activity, and requiring immediate cessation of ongoing practices causing irreparable harm.

6. Restoration of Parental Rights

An order directing the relevant state actors to restore Plaintiff's full parental rights, including meaningful and unsupervised placement and communication with her children, consistent with their safety and well-being.

7. Expungement of Void or Unconstitutional Orders

Removal from the record of all orders entered without lawful authority, without due process, or based on falsified, fabricated, or coerced allegations.

8. Costs and Fees

An award of all costs incurred in bringing this action, including filing fees and litigation expenses.

9. Any Other Relief the Court Deems Just and Proper

Including further equitable, monetary, or restorative relief necessary to remedy the injuries inflicted on Plaintiff and her children.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Date of signing:   12/1/25

Signature of Plaintiff   *Erin Scott*
Printed Name of Plaintiff   *Erin Scott*

**B.   For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number
E-mail Address