IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIN LYNN SCOTT,

                             Plaintiff,

       v.

HON. DANIEL S. DIEHN, PENNY J. PRECOUR,
DR. NINA BARTELL, JACKSON COUNTY
FAMILY COURT, and ANTHONY EVERS,

                         Defendants.

OPINION AND ORDER

25-cv-990-wmc

Plaintiff Erin Scott, representing herself, filed suit under 42 U.S.C. § 1983, seeking monetary and injunctive relief against a variety of Jackson County officials. (Dkt. #1.) She alleges that defendants deprived her of her constitutional rights to associate with her children, to refrain from self-incrimination, and to due process of law throughout her ongoing family court proceedings. Plaintiff additionally moves for a Temporary Restraining Order and Preliminary Injunction against all defendants, seeking to prevent them from entering a default judgment and other penalties against her at a family court hearing on January 9, 2026. (Dkt. #11.) For the reasons described below, plaintiff may not proceed against any named defendant, and the court will dismiss this case with prejudice for failure to state a claim upon which relief may be granted.

OPINION

A case may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), regardless of whether the plaintiff has paid the full filing fee or is proceeding in forma pauperis. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (the federal in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little

doubt they would have power to do so even in the absence of this statutory provision.");
*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status"); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service").  Likewise, under its inherent authority, the court may review any lawsuit filed by a *pro se* litigant for subject-matter jurisdiction before the named defendants are served in the case.  Administrative Order 421 (W.D. Wis. Feb. 2, 2024); *Rowe,* 196 F.3d at 783.  Here, this case must be dismissed for several reasons.

As a threshold matter, the court cannot provide injunctive relief in an ongoing state court proceeding.  *See Younger v. Harris,* 401 U.S. 37 (1971).  Federal courts must abstain where its jurisdiction would intrude into ongoing civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts," including ongoing family court proceedings.  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Doe v. Lindell*, No. 22-1666, 2023 WL 196467, at *3 (7th Cir. Jan. 17, 2023) (*Younger* abstention appropriate where family court litigant had adequate opportunity to raise her claims in the state court, including on appeal, and failed to allege "extraordinary circumstances" that would warrant an exception to *Younger* abstention.)  Plaintiff should raise her objections to the ongoing family court proceedings in family court or the state appellate courts, as appropriate.

Moreover, even if the court could address plaintiff's claims, plaintiff has not named any defendant that can be sued in this court.  Plaintiff may not proceed against Judge Diehn, as he is entitled to absolute judicial immunity for his actions during family court proceedings.  *Myrick v. Greenwood*, 856 F.3d 487, 488–89 (7th Cir. 2017).  Judges have absolute immunity from liability for damages for acts taken in a judicial capacity, and plaintiff only alleges in her complaint that Judge Diehn's official acts violated her constitutional rights.  *Id*.  Judicial immunity applies "whether or not the judge erred in conducting the litigation," and "is not overcome by allegations of bad faith or malice." *Id.* at 488.

Nor can plaintiff proceed with a claim against Guardian *ad litem* Penny Precour, nor court-appointed expert Dr. Nina Bartell, as they are also absolutely immune from liability for damages for their actions taken at the court's direction throughout a family court proceeding.  *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("Guardians *ad litem* and court-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction"); *see also Paige K.B. v. Molepske*, 580 N.W.2d 289 (Wis. 1998) (affirming immunity to a guardian *ad litem* and noting that "quasi-judicial immunity extends to non-judicial officers when they are performing acts intimately related to the judicial process").  Again, plaintiff only alleges that her rights were violated throughout her pending family court proceedings, entitling Precour and Bartell to absolute immunity.

Plaintiff also may not proceed with a claim against the Jackson County Family Court, as the court is part of a building, not a person, so it does not have the legal capacity

3

to be sued for violating plaintiff's rights under § 1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Even construing plaintiff's complaint to allege a claim against Jackson County itself, as a municipality the County would only be liable if the harm resulted from a policy or custom, and she does not allege that she was harmed as the result of a policy or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978); *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

Finally, Plaintiff may not proceed with a claim against Governor Evers because plaintiff does not allege facts showing that Evers had any involvement with an alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."). Likewise, individuals are not liable for their general supervisory role over others. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights."). Thus, to the extent that plaintiff sues Governor Evers as a general supervisor over state agencies such as DHHS who work with the family court system, her claim fails.

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Nonetheless, the court is dismissing this action with prejudice and without leave to amend, since any amended pleading would be futile under the circumstances alleged. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)

("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for a temporary restraining order and preliminary injunction is DENIED.  (Dkt. # 11.)

2) This case is DISMISSED with prejudice.  The clerk of court is directed to close this case.

Entered this 9th day of January, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge